RECEIVED

2000 FEB -3 AM 11: 5

1  Jeffrey L. Hartman, Esq., #001607
   HARTMAN & ARMSTRONG, LTD.
2  427 West Plumb Lane
   Reno, Nevada 89509
3  Telephone:  (775) 786-5400

4  Attorneys for Debtor

5

6              UNITED STATES BANKRUPTCY COURT

7                   DISTRICT OF NEVADA

8  IN RE:                          Case No.: BK-N-99-33938-GWZ

9  PORTIVITY, INC.,                Chapter 7

10         Debtor.                 **SCHEDULE A THROUGH
                                   SCHEDULE H AND STATEMENT
11                                 OF FINANCIAL AFFAIRS.**

12  _____/      (No Hearing Required)

13         Jeffrey L. Hartman, Esq. of Hartman & Armstrong, Ltd., attorneys for Portivity, Inc.,

14  hereby submits Schedule A through Schedule H and Statement Of Financial Affairs for the

15  above-captioned Chapter 7 case.

16         **DATED** this 3rd  day of **February, 2000.**

17                              HARTMAN & ARMSTRONG, LTD.

18

19

20                              Jeffrey L. Hartman, Esq.
                                Attorneys for Debtor

21

22

23

24

25

26

27

28

## United States Bankruptcy Court
## District of Nevada

In re **Portivity, Inc.**
**88-0238203**

Case No. **99-33938**

Chapter **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 12,910.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 1,808,000.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 6 | | $ 129,429.09 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 16 | | $ 1,448,297.84 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| Total Number of sheets in ALL Schedules ➤ | | 31 | | | |
| Total Assets ➤ | | | $ 12,910.00 | | |
| Total Liabilities ➤ | | | | $ 3,385,726.93 | |

In re:   **Portivity, Inc.**
      **88-0238203**

Case No.  **99-33938**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | Total ➢ | 0.00 | |

(Report also on Summary of Schedules.)

Schedule A - Page  1 of 1

In re   **Portivity, Inc.**
    **88-0238203**

Case No.   **99-33938**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Silicon Valley Bank Money Market Account** | | 5.00 |
| | | **U.S. Bank** **Account No. 153700244913** | | 5.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

Schedule B Page 1 of 3

In re   **Portivity, Inc.**
88-0238203

Case No.   **99-33938**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | | **Collins & Aikman Floorcoverings (see attached Exhibit "B-1"** | | 12,900.00 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | **Licenses for Code/Product (see attached Exhibit "B-2")** | | unknown |
| 23. Automobiles, trucks, trailers, and other vehicles. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **Various Apple Computers (located in storage unit)** | | unknown |
| | | **Various computer monitors (located in storage unit)** | | unknown |
| | | **Various Power PC's (located in storage unit)** | | unknown |

Schedule B Page 2 of 3

In re  **Portivity, Inc.**
       **88-0238203**

Case No.    **99-33938**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

_____ continuation sheets attached

Total  ➢  **$ 12,910.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Schedule B Page 3 of 3



**PORTIVITY**

# PORTIVITY

PORTIVITY, INC.   (Formerly, Borealis Technology Corporation)
9790 Gateway Drive, Suite 200
Reno, NV   89511
775-850-7600
Fax: 775-850-7615

| Invoice No. | BR100025 |
|---|---|
| **Invoice Date** | 05/24/99 |
| **Terms** | Net 30 |

**Bill To:**
Collins & Aikman Floorcoverings
311 Smith Industrial Blvd.
Dalton, GA  30722

Darrel V. McCay

**Ship To:**
Collins & Aikman Floorcoverings
311 Smith Industrial Blvd.
Dalton, GA  30722

Attn:  Darrel V. McCay

| QTY | Item # | Description | Unit cost | Discount | Total |
|---|---|---|---|---|---|
| 1 | | 5  Additional Arsenal Clients | $13,000.00 | $2,600.00 | $10,400.00 |
| | | (First year maintenance from 06/01/99 - 05/31/00) | | | |
| | | | | | |
| | | 5 Arsenal Clients @ $13,000 | | | |
| | | | | | |
| | | | | Sub Total: | $10,400.00 |
| | | | | Tax: | |
| | | | | Shipping*: | |
| | | | | Order Total: | $10,400.00 |

| Notes: | |
|---|---|
| | * Ship via standard overnight |

**Exhibit "B"**



# PORTIVITY

**PORTIVITY**

PORTIVITY, INC.   (Formerly, Borealis Technology Corporation)
9790 Gateway Drive, Suite 200
Reno, NV  89511
775-850-7600
Fax: 775-850-7615

| **Invoice No.** | BR100027 |
| --- | --- |
| **Invoice Date** | 06/22/99 |
| **Terms** | Net 30 |

**Bill To:**
Collins & Aikman Floorcoverings
P.O. Box 1447
Dalton, GA  30722-1447

Darrel V. McCay

**Ship To:**
Collins & Aikman Floorcoverings
P.O. Box 1447
Dalton, GA  30722-1447

Attn:  Darrel V. McCay

| QTY | Item # | Description | Unit cost | Discount | Total |
| --- | --- | --- | --- | --- | --- |
| 1 | | Design Review & Training | $2,500.00 | | $2,500.00 |
| | | | | | |
| | | | | Sub Total: | $2,500.00 |
| | | | | Tax: | |
| | | | | Shipping*: | |
| | | | | Order Total: | $2,500.00 |

| **Notes:** | Purchase Order #912-02865-LGT-P |
| --- | --- |

* Ship via standard overnight

# ⚹ 22

CONFIDENTIAL
ATTORNEY/CLIENT COMMUNICATION

AUDIT REPORT /////   AUDIT CONDUCTED MARCH 28-31 1997

To Borealis Technology Corp. Officers and Inside Directors :

1. Introduction:
   This report and any opinions expressed hereby are limited to my review of
   those documents listed below and those individuals interviewed in connection
   therewith between the dates of March 28 and April 1, 1997.  As such, to the
   extent documents were unavailable for whatever reason or individuals were
   either unavailable or unable to recall certain information, opinions, if any,  expressed
   below may be invalid or incorrect do to said unavailability of such documents
   or information.  Such may also be the case if such unavailable information would
   alter or in any way affect any opinions which are derived from available information.
   Any liability arising therefrom is hereby expressly disclaimed.  Further, nothing in this
   letter shall be construed as an opinion or interpretation of Nevada law.

2. Arsenal Chain of Title:
   Borealis Technology Corporation, a Delaware Corp. as successor in interest to Sierra
Software a Nevada Corp. owns all right title and interest to Arsenal as a work as defined
in section 101 et seq of the Copyright Act.  Arsenal is made up of several components
some of which are original and others which are licensed.  The work as a whole, subject
to certain rights reserved by Licensors listed below should be protected under The Act
and registered in each of it's versions (Mac and Win) through code deposits with the U.S.
Copyright Office as discussed below.
The core "Engine" of the product hereinbefore referred to and marketed as Inside Out
was acquired in 1990 by Sierra Software, a Division of EFS a Mass. Corp. from Shana
Corp. a Canadian Corporation. In 1992 Sierra Software acquired all assets and liabilities
of EFS with the sole exception of Inside Out. This product was the subject of a separate
license agreement between the parties. The license agreement provided for a buy-out
option which was subsequently exercised in 1995 thereby transferring all right title and
interest in and to Inside Out to Sierra Software and further waiving any and all
outstanding royalty obligations. Inside Out was subsequently acquired by the Company
pursuant to the Sierra/Borealis merger Agreement.
No express assignments with respect to this code have been recorded.
It appears that all subsequent modifications and creation of derivative works were created
by Borealis employees within the scope of their employment or independent contractors
under agreement and assignment.
Additional components of the product are built on a core base of a product previously
known as SalesBase. However, less than 10% of Arsenal is so derived. SalesBase and all
right title and interest thereto was acquired in an Asset purchase by Sierra Software as
successor in interest to Borealis from Sales Technology Inc. a Georgia Corp. In addition,
all right title and interest to two other products were also included in the transaction-

Exhibit "B"-2

DataMotion and SNAP for Mac.
No formal assignments have been recorded.
Included within the Product are valid and subsisting licenses from the following companies:
-Apple Computer
-Adobe Computer
-Microsoft Corp.
-dharma systems
-Cypress Software
-Alladin
-CodeWarrior
-Jim's CDEF
-Simple Sockets

With respect to the user interface review, all substantial icons were developed internally by the company by employees within the course and scope of their employment.

With respect to third party license limitations the following apply:
-All relevant agreements with Apple Computer are for 1 year terms with 60 day termination at will clauses. Such Agreements also require express consent for all assignments.
-The license from dharma specifically limits the permitted "Business Segment" to applications which run "...on top of the Inside Out engine" Further, dharma retains all derivative work rights to it's product.
-All requirements regarding credit and disclaimers required by licensors is attached hereto.


3. Trademarks:
The marks "Borealis" and "Arsenal" with or without graphic additions should be searched through Thompson and Thompson with the search reports reviewed forthwith and applications filed immediately. The PTO could still take 18-24 months to issuance. In addition certain distinctive Icons used in Arsenal may be able to be exploited in the marketing and overall look and feel of the product. Searches on these should proceed immediately. International protection on a selective basis should be pursued concurrently for all trade and service marks.

4. Litigation:
None outstanding from review. The settlement with Wonderware includes mutual non-solicitation covenants through Nov.30,1997. A potential claim of unknown origin was raised to Sales Tech on March 31, 1994. No action has been detected.

5. Trade Secrets:
Review of current and past employment files reveals a couple of issues. While current employees appeared to have been required to sign non-disclosures with invention assignment addendum's, former employees' file lack any of this documentation. This

may be of little consequence depending on the particular former employee's job description. Consistency in this area is critical to comply with the first prong of the Trade Secret test under the Uniform Trade Secret act. Further, the agreements themselves could use a little revision.

5. Patents:

This audit expressly did not explore software patentability issues either offensively or defensively. It is highly recommended the the company seek advice in this potentially profitable area. I am more than happy to make recommendations in this field as well as competent counsel to handle day to day trademark matters and code and manual registrations for copyright.

It is my hope that this review is of help. I continue to be available for any additional questions.

Very Truly Yours,

Stephen W. Tropp Esq.

Exhibit......

Documents reviewed in the course of the audit:

-IPO Book with all amendments  (Curtis Faith copy)
-Borealis Technology Corp. minute book
-Files:
  -Appletalk Licensing
  -Sierra Software Innovations (corporation papers)
  -Sierra Software Inovations (Bd meeting 1992)
  -Wilson, Sonsini, et al (Wonderware Settlement)
  -Inside Out general file(2)
  -Sierra Software Innovations (Bill of Sale)
  -Sales Technologies Inc.
  -dharma (2)
  -Cypress Software 1995 (Enable)

-Reviewed and discussed product demo

-Current Employee files:
  Chris Arbogast*, Tim Arnold, Brian Breidenbach, Martin Dakroon, Tim Dry, Jan
Ellison, Tim  Fesko, Michael Goldberg, Michael Goldberg, Michael Hersick, Kevin
Kasajian, Chris Korinek, Michael Loos, Paul Mann, Jeffrey Martin, Ralph Ng, Jim
Schmidt

-Former Employees:
  Tim McClarran, Chris Malzman, Carolyn Patino, Amy Radeski, Julius Sarkozy, Kim
Schmidt, Janis Whitmyer, Ron and Stella Faith, Alex Kent, David Lipscomb, David Yu,
Kevin Laird, Morgan Caufield, Yue Chiong, David Allison, Emily Arison, Chris Baker,
Alex Blum, Dustin Baker, Stephan Butler, Thomas Cahill, Zachary Dutton, Bernhard
Danberger.

-General Signed Non-Disclosures:
  Elizabeth Gasper, Timothy Fesko, Digital Media Group, Michael Compana, Patrick
Burns, Randall Breeden, Inderjit Rye, Derek Simmons, Chris Sommers, Dan Degratia,
Jeff Morris, William Bernart, Roy Matthews(Informics Inc.), Judd Robbins(Presentation
Dynamics), Rodney Trugman, Robert Thorpe(Financial Resources), Uppili Srinivasan,
Carrie Sidenburg, Robert Northrup, Ralph Ng, Bruce Lontka, Patrick La Porte, Bill King,
Richard Johnson, Dan Hydrick, Randall Gausman.

-Consultant Agreement for Thomas McDonough
*I reviewed the Consulting and Settlement Agreement and amendment in addition to the
Employment Agreement for Chris Arbogast.

NO OTHER FILES OR DOCUMENTS WERE REVIEWED OR PROVIDED.



Copyright Notices:

No documents reviewed to date require specific reference in the Splash Screen. Notwithstanding as a general proposition, wherever your own notice appears it should include all relevant others.

1. "© Copyright(date)  by Borealis and it's Licensors." (covers CodeWarrior, Stuffit, and Apple products other than MacApp
2. In the "about" box   include the following:
"This Program was written with MacApp(r) :Ó 1985-1988 Apple Computer,Inc."
"C Borealis Technology Corp (date)"
(dharma agreement silent on credit)
"C Jim's CDEF 1994-1995 James G. Stout"
All Rights Reserved

Because I have not closed the loop on ownership of InsideOut it is impossible to opine on related credit issues

Manual
Apple Computer requires an extensive disclaimer in the manual as follows:

"BOREALIS TECHNOLOGY CORP. AND IT'S LICENSORS MAKE NO WARRANTIES,EXPRESS OR IMPLIED,INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, REGARDING THE SOFTWARE. BOREALIS TECHNOLOGY CORP. AND IT'S LICENSORS DO NOT WARRANT, GUARANTEE OR MAKE ANY REPRESENTATIONS REGARDING THE USE OR THE RESULTS OF THE USE OF THE SOFTWARE IN TERMS OF IT'S CORRECTNESS OR OTHERWISE.  THE ENTIRE RISK AS TO THE RESULTS AND PERFORMANCE OF THE SOFTWARE IS ASSUMED BY YOU.  THE EXCLUSION OF IMPLIED WARRANTIES IS NOT PERMITTED IN SOME JURISDICTIONS.  THE ABOVE EXCLUSION MAY NOT APPLY TO YOU.

IN NO EVENT WILL BOREALIS, IT'S LICENSORS, AND THEIR DIRECTORS, OFFICERS, EMPLOYEES OR AGENTS (COLLECTIVELY BOREALIS AND IT'S LICENSORS) BE LIABLE TO YOU FOR ANY CONSEQUENTIAL, INCIDENTAL, OR INDIRECT DAMAGES (INCLUDING DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION, LOSS OF BUSINESS INFORMATION, AND THE LIKE) ARISING OUT OF THE USE OR INABILITY TO USE THE SOFTWARE EVEN IF BOREALIS AND IT'S  LICENSORS HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.  BECAUSE SOME JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR LIMITATIONS OF LIABILITY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES, THE ABOVE LIMITATIONS MAY NOT APPLY TO YOU.  Borealis and it's Licensors' liability to you for actual damages from any cause whatsoever, regardless of the form of the action (whether in contract, tort (including negligence), product liability or otherwise), will be limit

4070 Silver Sage Drive
Carson City, NV 89701

702 888 3200 main
702 888 3215 fax
info@brls.com



license fee paid hereunder or replacement of the media at Borealis's sole discretion."

Re: MacApp:

APPLE COMPUTER ,INC. MAKES NO WARRANTIES WHATSOEVER, EITHER
EXPRESS OR IMPLIED, REGARDING THIS PRODUCT, INCLUDING
WARRANTIES WITH RESPECT TO IT'S MERCHANTABILITY OR IT'S FITNESS
FOR A PARTICULAR PURPOSE.

THE MACAPP SOFTWARE IS PROPRIETARY TO APPLE COMPUTER,INC. AND
IS LICENSED TO BOREALIS TECHNOLOGY CORP. FOR DISTRIBUTION ONLY
FOR USE IN COMBINATION WITH THE BOREALIS SOFTWARE

4070 Silver Sage Drive
Carson City, NV 89701

702 888 3200 main
702 888 3215 fax
info@brls.com

In re  **Portivity, Inc.**
       **88-0238203**

Case No.  **99-33938**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| NONE | | | |

Schedule C - Page 1 of 1

In re:  **Portivity, Inc.**

Case No.  **99-33938**

88-0238203

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Alan Brown<br>2160 Pacific Avenue #3<br>San Francisco, CA<br>94115 | | | Security Agreement<br>Intellectual Property<br><br>VALUE $100.00 | | | | 15,000.00 | 0.00 |
| ACCOUNT NO.<br>Davis Fansler<br>112 Snowfield Drive<br>Telluride, CO<br>81435 | | | Security Agreement<br>Intellectual Property<br><br>VALUE $100.00 | | | | 100,000.00 | 0.00 |
| ACCOUNT NO.<br>John Pryor | | | Security Agreement<br>Intellectual Property<br><br>VALUE $100.00 | | | | 100,000.00 | 0.00 |
| ACCOUNT NO.<br>John Webley<br>16875 Coleman Valley Rd<br>Occidental, CA  95465 | | | Security Agreement<br>Intellectual Property<br><br>VALUE $100.00 | | | | 43,000.00 | 0.00 |
| ACCOUNT NO.<br>Michael Hanley<br>3114 Clay Street #6<br>San Francisco, CA<br>94115 | | | Security Agreement<br>Intellectual Property<br><br>VALUE $100.00 | | | | 1,200,000.00 | 0.00 |

Schedule D Page 1

Subtotal ➤  **$1,458,000.00**

In re:  **Portivity, Inc.**                                     Case No.  **99-33938**

88-0238203

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**William Hanley III<br>1018 Stratford Hall<br>Indianapolis, IN<br>46260** | | | **Security Agreement<br>Intellectual Property**<br><br>**VALUE $100.00** | | | | 100,000.00 | 0.00 |
| ACCOUNT NO.<br><br>**William Hanley, Jr.<br>1018 Stratford Hall<br>Indianapolis, IN<br>46260** | | | **Security Agreement<br>Intellectual Property**<br><br>**VALUE $100.00** | | | | 250,000.00 | 0.00 |

|  |  |  |
|---|---|---|
| Subtotal | ➢ | **$350,000.00** |
| Total | ➢ | **$1,808,000.00** |

(Report total also on Summary of Schedules)

Schedule D Page 2

In re:    **Portivity, Inc.**    Case No.    **99-33938**
88-0238203

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☑ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, orhousehold use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re:  **Portivity, Inc.**                                    Case No.    **99-33938**

88-0238203

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Wages, Salaries, and Commissions

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**AJ Brown**<br>**2160 Pacific Ave.**<br>**#3**<br>**San Francisco, CA**<br>**94115** | | | **Wages and Vacation Pay** | | | | 10,961.54 | 4,300.00 |
| ACCOUNT NO.<br>**Chris Carter**<br>**7910 N. MacArthur**<br>**Apt. 2028**<br>**Irving, TX**<br>**75063** | | | **Wage and Vacation Pay** | | | | 10,207.33 | 4,300.00 |
| ACCOUNT NO.<br>**David R. Bouchard**<br>**1730 Green Ash Blvd.**<br>**Reno, NV  89511** | | | **Wage and Vacation Pay** | | | | 16,634.62 | 4,300.00 |
| ACCOUNT NO.<br>**George Gould**<br>**118 Common Wealth Ave.**<br>**San Francisco, CA**<br>**94118** | | | **Vacation Pay** | | | | 1,000.00 | 1,000.00 |
| ACCOUNT NO.<br>**Jeffrey Martin**<br>**P. O. Box 4493**<br>**Incline Village, NV**<br>**89450** | | | **Wage and Vacation Pay** | | | | 18,253.22 | 4,300.00 |
| ACCOUNT NO.<br>**John Crouch**<br>**1240 Parkinson Ave**<br>**Palo Alto, CA**<br>**94301** | | | **Vacation Pay** | | | | 480.77 | 480.77 |

Schedule E Page 2 of 6

Subtotal
(Total of this page)  ➤   **$57,537.48**

In re:     Portivity, Inc.
88-0238203

Case No.    99-33938

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Wages, Salaries, and Commissions

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>John Moreton<br>407 Devonshire Road<br>Barrington, IL  60010 | | | Vacation Pay (received last payroll on 6-18-99) | | | | 615.38 | 615.38 |
| ACCOUNT NO.<br>Ken Kertz<br>28171 Las Brisas<br>Del Mar<br>San Juan Capistra, CA 92675 | | | Wage and Vacation Pay | | | | 6,157.06 | 4,300.00 |
| ACCOUNT NO.<br>Michael Burns<br>5108 Staplehurst Lane<br>Woodstock, GA 30189 | | | Vacation Pay | | | | 519.23 | 519.23 |
| ACCOUNT NO.<br>Michael Chang<br>1440 Boradway #106<br>San Francisco, CA 94109 | | | Wage and Vacation Pay | | | | 9,753.21 | 4,300.00 |
| ACCOUNT NO.<br>Michael Hanley<br>3114 Clay Street #6<br>San Francisco, CA 94115 | | | Wages and Vacation Pay | | | | 5,054.48 | 4,300.00 |
| ACCOUNT NO.<br>Michael Stewart<br>52 Alize Drive<br>Kinnelon, NJ 07405 | | | Vacation Pay | | | | 307.69 | 307.69 |

Schedule E Page 3 of 6

Subtotal
(Total of this page)    ➤    **$22,407.05**

In re:    Portivity, Inc.                                              Case No.    99-33938
88-0238203

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority:  Wages, Salaries, and Commissions

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Patricia Angulo<br>4790 Minden Chase<br>Alpharetta, GA<br>30022 | | | Vacation pay | | | | 1,307.69 | 1,307.69 |
| ACCOUNT NO.<br>Phil Lehman<br>335 Dolphin Isle<br>Foster City, CA<br>94404 | | | Wages and Vacation Pay | | | | 6,932.69 | 4,300.00 |
| ACCOUNT NO.<br>Robert Murray<br>411 Roselyn Place<br>Barrington, IL<br>60010 | | | Wages and Vacation Pay | | | | 12,012.83 | 4,300.00 |
| ACCOUNT NO.<br>Scott Druckenmiller<br>3628 Drifting Road<br>Hellertown, PA<br>18055 | | | Wages and Vacation Pay | | | | 8,846.15 | 4,300.00 |
| ACCOUNT NO.<br>Teddi Converse<br>P.O. Box 3133<br>Incline Village, NV<br>89450 | | | Vacation Pay | | | | 5,307.70 | 4,300.00 |
| ACCOUNT NO.<br>Thomas Mescall<br>475 Buckhead Ave N.E.<br>#1311<br>Atlanta, GA<br>30305 | | | Wages and Vacation Pay | | | | 2,411.54 | 2,411.54 |

Schedule E Page 4 of 6

Subtotal
(Total of this page)    ➢    $36,818.60

In re:    **Portivity, Inc.**                                   Case No.    **99-33938**
88-0238203

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority:  Wages, Salaries, and Commissions**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Tracey Fuller<br>105 W. Minister Vill<br>Sharpsburg, GA<br>30277 | | | Wages and Vacation Pay | | | | 4,532.06 | 4,300.00 |
| ACCOUNT NO.<br>Viviana Aedo<br>3119 Monterey St.<br>San Mateo, CA<br>94403 | | | Vacation Pay | | | | 669.23 | 669.23 |
| ACCOUNT NO.<br>William Akerson<br>4600 Seton Ctr Prkway<br>#122<br>Austin, TX<br>78759 | | | Wage and Vacation Pay | | | | 7,464.67 | 4,300.00 |

Schedule E Page 5 of 6

Subtotal
(Total of this page)    ➢    | **$12,665.96** |

In re:    Portivity, Inc.                                Case No.    99-33938

88-0238203

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  99-88646 3<br><br>Commonwealth of PA<br>Employer Tax Operations<br>P.O. Box 60127<br>Harrisburg, PA<br>17106-0127 | | | | | | | 0.00 | 141.62 |
| ACCOUNT NO.  NWC-186854-07<br><br>Employers Insurance<br>Of NV<br>504 E. Musser St, Ste 9<br>Carson City, NV<br>89701 | | | | | | | 0.00 | 3,750.04 |

|  |  |
|---|---|
| Subtotal<br>(Total of this page) ➤ | $0.00 |
| Total ➤ | $129,429.09 |

Schedule E Page 6 of 6

In re:   **Portivity, Inc.**
　　　　**88-0238203**

Case No.   **99-33938**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **Fleet/Sanwa Leasing**<br>**P.O. Box 7023**<br>**Troy, MI  48007-7023** | **Dell Computer Equipment**<br>**(This equipment was sold by Portivity in July 1999) Please see Exhibit G-1 attached hereto** |
| **G.E. Capitol/Colonial Pacific Leasing**<br>**P.O. Box 31001-0271**<br>**Pasadena, CA**<br>**91110-0271** | **Micro Time Computers which are located in the storage unit.** |
| **GE Capitol/Colonial Pacific Leasing**<br>**P.O. Box 31001-0271**<br>**Pasadena, CA**<br>**91110-0271** | **Dell Computer Equipment which was sold by Portivity in July 1999. See Exhibit G-1 attached hereto** |
| **Genesis Leasing** | **Gateway/Micron computers which are located in the storage unit** |
| **Manifest Group** | **Office Cubicles and Alarm System.  Cubicles were sold to Oxbow Power Group located in Reno, Nevada.**<br>**Alarm System was left in Gateway Drive office space.**<br>**Landlord Connecticut Surety didn't return.** |
| **Manifest Group** | **Dell Computer Equipment which was sold by Portivity in July 1999.  See Exhibit G-1 attached hereto** |
| **NTFC Capitol Corporation**<br>**501 Corporate Centre Dr.**<br>**Ste. 600**<br>**Franklin, TN**<br>**37067** | **Phone System Lease.**<br>**Yet 2 Com has completed transfer of**<br>**phone system lease. See Exhibit G-2 attached hereto.** |

| INVOICE # 35 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Portivity, Inc. | | | | | | #BR00 | |
| 9790 Gateway Drive, Suite 200 | | | | | | | |
| Reno, NV 89511 | | | | | | | |
| | Sold to:  Stu Johnson | | | | | | |
| | | | Serial # | | Pricing | | Extended Total |
| Item # | Quantity | Description | | | | | |
| | 1 | Dell XPS Dimension - 200 mb | 6MCHP | NS | $400.00 | SJ | $400.00 |
| | | Monitor | | | $0.00 | | |
| | | Keyboard & Mouse | | | $0.00 | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Supplies | | $400.00 |
| | | | | | Taxes | | $0.00 |
| | | | | | Total | | $400.00 |

Seller warrants that as of the effective date of the purchase, each asset is free and clear
of any and all liens and encumbrances.  Checks will be written to Portivity, Inc. for purchase.

*[signature]*

7/29/99   Rec'd   95 Window license

C. Bennett

*Still outstanding*

Sold to Yet 2.com in Incline Village.

7/29/99   12 10 PM                      Page 1

# EXHIBIT G-1

INVOICE # 36

**Portivity, Inc.**                                                    #BR00
9790 Gateway Drive, Suite 200
Reno, NV 89511
            Sold to: C J Burleson

| Item # | Quan. | Description | Serial # | Pricing | | | Extended Total |
|--------|-------|-------------|----------|---------|--|--|----------------|
| | 1 | Dell XPS Dimension - 200 mb | 7F042 | NS | $400.00 | CJB | $400.00 |
| | 1 | Dell XPS Dimension - 200 mb | 6MCK3 | NS | $400.00 | CJB | $400.00 |
| | 1 | Monitor | | | $0.00 | | |
| | 1 | Keyboard & Mouse | | | $0.00 | | |
| | | | | Supplies | | | $800.00 |
| | | | | Taxes | | | $0.00 |
| | | | | Total | | | $800.00 |

Seller warrants that as of the effective date of the purchase, each asset is free and clear
of any and all liens and encumbrances. Checks will be written to Portivity, Inc for purchase

*[signature]*

7/29/99  Rec'd  Windows 95 license.      C, Bennett
         Sold to Yet2.com in Incline Village, Nevada

## INVOICE #37

**Portivity, Inc.**                                        **#BR00**
9790 Gateway Drive, Suite 200
Reno, NV 89511

Sold to: V.P. Zodiaco

| Item # | Quan. | Description | Serial # | Pricing | | | Extended Total |
|--------|-------|-------------|----------|---------|---|---|----------------|
| | 1 | Dell XPS Dimension - 500 mb | 00KP1 | | $800.00 | VPZ | $800 00 |
| | 1 | Monitor | | | $0.00 | | |
| | 1 | Keyboard & Mouse | | | $0 00 | | |
| | | | | Supplies | | | $800.00 |
| | | | | Taxes | | | $0.00 |
| | | | | Total | | | $800.00 |

Seller warrants that as of the effective date of the purchase, each asset is free and clear
of any and all liens and encumbrances. Checks will be written to Portivity, Inc. for purchase.

*[signature]*

7/29/99  Recd. Windows 95 License     CBennett

Sold to Yet2.com in Incline Village.

INVOICE:#38

**Portivity, Inc.**                                                    #BR00
9790 Gateway Drive, Suite 200
Reno, NV 89511
          Sold to: Dick Benoit

| Item # | Quan. | Description | Serial # | Pricing | | Extended Total |
|--------|-------|-------------|----------|---------|--|----------------|
| | 1 | Dell XPS Dimension - 500 mb | 0RT5G | $800 00 | DB | $800.00 |
| | 1 | Monitor | | $0.00 | | |
| | 1 | Keyboard & Mouse | | $0 00 | | |
| | | | | Supplies | | $800.00 |
| | | | | Taxes | | $0.00 |
| | | | | Total | | $800.00 |

Seller warrants that as of the effective date of the purchase, each asset is free and clear
of any and all liens and encumbrances. Checks will be written to Portivity, Inc. for purchase.

*Paul J Ebott N*

7/29/99  Rec'd  Windows 95 license.  C. Bennett

Sold to Yet 2.com in Incline Village.

**Portivity, Inc.**
**9790 Gateway Drive, Suite 200**
**Reno, NV 89511**

**# BR00050**

# INVOICE

| Item # | Description | Quantity | Price | Extended |
|--------|-------------|----------|-------|----------|
|  |  |  |  |  |
| 1 | Used Desk Top Systems with Monitors | 5 | $ 550.00 | $ 2,750.00 |
|  | PO # 2515 |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  | Ship To: Aristocrat Inc. |  |  |  |
|  | 9895 Double R Blvd |  |  |  |
|  | Reno, NV 89511 |  |  |  |
|  | Attn: Kim Miller |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| | | |
|---|---|---|
| Sub-Total | $ | 2,750.00 |
| Shipping | $ | - |
| Sales Tax | $ | - |
| TOTAL | $ | 2,750.00 |

This sale is made WITHOUT WARRANTY, EXPRESSED OR IMPLIED, AS TO DESCRIPTION, CONDITION, QUALITY OR FITNESS FOR ANY PURPOSE, and THE ASSETS ARE TRANSFERRED BY SELLER AND ACCEPTED BY BUYER "AS-IS" AND "WHERE IS", except, however, Seller warrants that as of the date of this invoice, the Assets are free and clear of any and all liens and other encumbrances.

Case 99-33938-gwz Doc 7 Entered 02/04/00 10:07:00 Page 30 of 55

**ARISTOCRAT**

9895 Double R Boulevard, Suite 200
Reno, Nevada 89511 U S A
Telephone (702) 850-7767 • (800) 432-7767
Fax (702) 850-5646

PURCHASE ORDER

| | |
|---|---|
| PURCHASE ORDER NO. | 2515 |
| PURCHASE ORDER DATE | 8/2/99 |

PORTIVITY INC
9790 GATEWAY DR, STE 200
RENO, NV 89511

SHIP TO
ARISTOCRAT INC.
9895 DOUBLE R BLVD
SUITE 200
RENO, NV 89511
ATTN: KIM MILLER

KIM MILLER

PAGE

| SHIP VIA | FOB | TERMS | BUYER | TAX EXEMPT | VENDOR |
|---|---|---|---|---|---|
| BEST METHOD | | | | | |

| QUANTITY | DESCRIPTION | REQUIRED DATE | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|
| 5 | USED DESK TOP SYSTEMS WITH MONITORS | 7/27/99 | 550.00 | 2,750.0 |
| | TAX | | 192.50 | 192.5 |
| | 623544020 | | | |

**YEAR 2000 COMPLIANCE CERTIFICATION IS REQUIRED**

| | TOTAL | $2,942.5( |
|---|---|---|

FOR RESALE ☐ YES ☐ NO

AUTHORIZED SIGNATURE        DATE   8/2/99        ORIGINAL

Revised:    #BR000

### INVOICE

Portivity, Inc.
9790 Gateway Drive, Suite 200
Reno, NV  89511

| Item # | Description | Quantity | Price | Extended |
|--------|-------------|----------|-------|----------|
| | | | | |
| 1 | Lot of Used Computers | 1 | $2,200.00 | $2,200.00 |
| | PO# OPSI-99-0002 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Sub-Total          $2,200.00
Shipping
Sales Tax

TOTAL              $2,200.00

7/29/99 Received (8) eight Windows 95 certificate
of licences for each computer.

C. Bennett



# Oxbow Power Services, Inc.

### 9790 GATEWAY DRIVE, SUITE 220, RENO, NEVADA 89511
### TEL (775) 851-1199   FAX (775) 850-2211

| | | | |
|---|---|---|---|
| **TO:** | Janet Smagala | **DATE:** | July 22, 1999 |
| **COMPANY:** | Portivity, Inc. | **FROM:** | Mark Kraemer |
| **FAX #:** | 775-853-1643 | | |
| **SUBJECT:** | Used Computers | | |

Number of pages transmitted
including this cover sheet: 5

Dear Ms. Smagala:

Attached is our purchase order **OPSI-99-0002**. The original will be mailed to you via US mail.

By acceptance of this order, Seller agrees to and shall be bound by the instructions, terms, and conditions herein, including attachments hereto.

Please confirm receipt of this order by completing the Acknowledgment of Receipt below and returning same to us.

Best regards,

*Mark Kraemer*

Mark Kraemer
Purchasing Specialist
Oxbow Power Services, Inc.

ACKNOWLEDGMENT OF RECEIPT:

_Janet Smagala_          _7/22/99_          _Janet Smagala_
Print Name                       Date                     Signature



# PURCHASE ORDER

| DATE | July 22, 1999 | PURCHASE ORDER NO. | **OPSI-99-0001** |
|------|---------------|---------------------|------------------|

| VENDOR | Portivity, Inc.<br>9790 Gateway Drive, Suite 200<br>Reno, Nevada 89511 | SHIP TO | for OPSI pickup |
|--------|------------------------------------------------------------------------|---------|-----------------|
| CONTACT | Janet Smagala | CONTACT | Candy Bennett |
| TEL / FAX | 775-853-1643 (fax) | TEL | 775-851-1199 |
| CHARGE CODE | | FAX | 775-850-2211 |

| CONFIRMING ORDER TO | Janet Smagala | ON | 07/21/99 |
|---------------------|---------------|-----|----------|

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|----------|-------------|------------|--------|
| 1 Lot | Used office furniture, office machines and supplies as agreed to on 7/16/99.<br>**TOTAL** | | $10,000.00<br><br>**$10,000.00** |
| **FOB:** | Origin, Reno, Nevada | | |

| DELIVERY: | stock | ← **Weeks ARO.** **Estimated Date of Shipping** → | 07/20/99 |
|-----------|-------|-----------------------------------------------------|----------|

| PAYMENT TERMS | Net 30 days | DATE REQUIRED IN FIELD LOCATION | 09/21/99 |
|---------------|-------------|----------------------------------|----------|

| **Invoice to:**<br>Oxbow Power<br>Service, Inc. | Original<br>c/o OPSI, 9790 Gateway Drive, Suite 220, Reno, NV 89511;<br>Attention: Mark Kraemer |
|---|---|

PREPARED BY:

*Mark Kraemer* (signature)

Mark Kraemer, Purchasing Specialist

APPROVED BY:

*Greg Hughes* (signature)

Greg Hughes, Project Operations Manager

**IMPORTANT**

(1) Our P.O. Number must appear on all invoices and packages.
(2) By acceptance of this order, Seller agrees to and shall be bound by the instructions, terms, and conditions herein, including attachments hereto.



# Oxbow Power Services, Inc.

9790 Gateway Drive, Suite 220, Reno, Nevada 89511
Tel (775) 851-1199    Fax (775) 850-2211

**TO:**        Janet Smagala                    **DATE:**    July 22, 1999

**COMPANY:**    Portivity, Inc.                    **FROM:**    Mark Kraemer

**FAX #:**      775-853-1643

**SUBJECT:**    Used Office Furniture              Number of pages transmitted
                                                   including this cover sheet: 3

Dear Ms. Smagala:

Attached is our purchase order **OPSI-99-0001.**  The original will be mailed to you via US mail.

By acceptance of this order, Seller agrees to and shall be bound by the instructions, terms, and conditions herein, including attachments hereto.

Please confirm receipt of this order by completing the Acknowledgment of Receipt below and returning same to us.

Best regards,

*Mark Kraemer*
Mark Kraemer
Purchasing Specialist
Oxbow Power Services, Inc.

ACKNOWLEDGMENT OF RECEIPT:

_Janet Smagala_          _7/22/99_          _Janet Smagala_
Print Name                Date               Signature

## BILL OF SALE

This Bill of Sales, effective as of the date which it is executed, ("Effective Date"), is by and between Oxbow Power Services, Inc., a Delaware Corporation, with a mailing address of 9790 Gateway Drive, Suite 220, Reno, Nevada 89511 ("Buyer") and Portivity ("Seller"), with an office at 9790 Gateway Drive, Suite 200, Reno, Nevada 89511.

For and in consideration of $10,000 USD seller hereby sells to Buyer 1 Lot of Office Furniture, Machines and supplies, existing on the date hereof (collectively referred to herein as "the Assets") subject to the following terms and conditions:

1. The sale is made WITHOUT WARRANTY, EXPRESSED OR IMPLIED, AS TO DESCRIPTION, CONDITION, QUALITY, OR FITNESS FOR ANY PURPOSE, and THE ASSETS ARE TRANSFERRED BY SELLER AND ACCEPTED BY BUYER "AS IS" AND "WHERE IS", except, however, Seller warrants that as of the Effective Date the Assets are free and clear of any and all liens and other encumbrances.

2. The Assets are, as of the date hereof, located at Portivity, Nevada ("The Site"). Buyer and Seller agrees that title to any of the Assets of which Buyer has not taken possession from the Site by 7/23/99, shall automatically revert to the Seller, and Buyer shall have no further rights or obligations with regard thereto, including any refund or partial refund of consideration hereunder.

3. Buyer shall be solely responsible for all state and local transfer, sales, use or similar taxes resulting from or associated with this transaction. Notwithstanding the forgoing, Seller shall be responsible for any and all income taxes or similar tax associated with this transaction.

4. Buyer has not authorized any agents to act on its behalf for the purpose of acquiring the Assets. Payment to Portivity by Buyer of the purchase price shall be in full satisfaction of all payments or fees owed by Buyer in connection with this proposed transaction.

5. This agreement shall be construed under and governed by the laws of the State of Delaware, excluding any choice of law provision which would require application of the laws of another jurisdiction.

6. The terms of this Bill of Sale shall inure to the benefit of and be binding upon the parties and their respective successors and assigns.

Executed by the parties on _____,_____,1999.

"Buyer"
Oxbow Power Services, Inc.

By: _____

Name: Greg Hughes

Title: Project OPNS. MGR

"Seller"
Portivity

By: _____

Name: Janet Smagala

Title: Controller



# PURCHASE ORDER

| DATE | July 22, 1999 | PURCHASE ORDER NO. | **OPSI-99-0002** |
|---|---|---|---|

| VENDOR | Portivity, Inc.<br>9790 Gateway Drive, Suite 200<br>Reno, Nevada 89511 | SHIP TO | for OPSI pickup |
|---|---|---|---|
| CONTACT | Janet Smagala | CONTACT | Candy Bennett |
| TEL / FAX | 775-853-1643 (fax) | TEL | 775-851-1199 |
| CHARGE CODE | | FAX | 775-850-2211 |

| CONFIRMING ORDER TO | Janet Smagala | ON | 07/21/99 |
|---|---|---|---|

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1 Lot | See attachment for details of computers.<br>Washoe County Sales Tax @ 7.25%<br>**TOTAL** | | $5,800.00<br>$420.50<br>**$6,220.50** |
| FOB: | Origin, Reno, Nevada | | |

| DELIVERY: | stock | ← Weeks ARO.   Estimated Date of Shipping → | 07/22/99 |
|---|---|---|---|

| PAYMENT TERMS | Net 30 days | DATE REQUIRED IN FIELD LOCATION | ASAP |
|---|---|---|---|

| **Invoice to:**<br>Oxbow Power<br>Service, Inc. | Original<br>c/o OPSI, 9790 Gateway Drive, Suite 220, Reno, NV 89511;<br>Attention:  Mark Kraemer |
|---|---|

PREPARED BY:

*Mark Kraemer*
Mark Kraemer, Purchasing Specialist

APPROVED BY:

*Greg Hughes*
Greg Hughes, Project Operations Manager

**IMPORTANT**
(1) Our P.O. Number must appear on all invoices and packages.
(2) By acceptance of this order, Seller agrees to and shall be bound by the instructions, terms, and conditions herein, including attachments hereto.

OXBOW POWER SERVICES, INC.
9790 Gateway Drive, Suite 220
*Reno, Nevada:  Tel (775) 851-1199, Fax (775) 850-2211*

## BILL OF SALE

This Bill of Sales, effective as of the date which it is executed, ("Effective Date"), is by and between Oxbow Power Services, Inc., a Delaware Corporation, with a mailing address of 9790 Gateway Drive, Suite 220, Reno, Nevada 89511 ("Buyer") and Portivity, Inc. ("Seller"), with an office at 9790 Gateway Drive, Suite 200, Reno, Nevada 89511.

For and in consideration of $6220.50 USD seller hereby sells to Buyer 1 Lot of Computers, existing on the date hereof (collectively referred to herein as "the Assets") subject to the following terms and conditions:

1.    The sale is made WITHOUT WARRANTY, EXPRESSED OR IMPLIED, AS TO DESCRIPTION, CONDITION, QUALITY, OR FITNESS FOR ANY PURPOSE, and THE ASSETS ARE TRANSFERRED BY SELLER AND ACCEPTED BY BUYER "AS IS" AND "WHERE IS", except, however, Seller warrants that as of the Effective Date the Assets are free and clear of any and all liens and other encumbrances.

2.    The Assets are, as of the date hereof, located at Portivity, Inc., Nevada ("The Site"). Buyer and Seller agrees that title to any of the Assets of which Buyer has not taken possession from the Site by 7/23/99, shall automatically revert to the Seller, and Buyer shall have no further rights or obligations with regard thereto, including any refund or partial refund of consideration hereunder.

3.    Buyer shall be solely responsible for all state and local transfer, sales, use or similar taxes resulting from or associated with this transaction.  Notwithstanding the forgoing, Seller shall be responsible for any and all income taxes or similar tax associated with this transaction.

4.    Buyer has not authorized any agents to act on its behalf for the purpose of acquiring the Assets.  Payment to Portivity, Inc. by Buyer of the purchase price shall be in full satisfaction of all payments or fees owed by Buyer in connection with this proposed transaction.

5.    This agreement shall be construed under and governed by the laws of the State of Delaware, excluding any choice of law provision which would require application of the laws of another jurisdiction.

6.    The terms of this Bill of Sale shall inure to the benefit of and be binding upon the parties and their respective successors and assigns.

7.    Each system to include the following:

    a.    Operating System License.
    b.    For any addition software included in the purchase, the software license shall be included.



# PURCHASE ORDER ATTACHMENT

## PO # OPSI-99-0002

| Description of Materials | Quantity | TOTAL |
|---|---|---|
| Dell Dimension R400 | 1 | |
| Dell Dimension R500 | 2 | |
| Dell Dimension Pro 200n | 8 | $5,800.00 |

Each computer is to include 17" monitor, keyboard and mouse.

Executed by the parties on _____, _____,1999.

"Buyer"                                          "Seller"
Oxbow Power Services, Inc.                       Portivity, Inc.

By: _____                    By: _____

Name: Greg Hughes                                Name: _____

Title:   Project Operations Manager              Title: _____

John Osborne
832 1700 x223

Christian Mamer.

FAX: 786 5443.

As per our Discussion.

I enclose the papers
on the lease for the
Phone System.

Regards

17 Monsignor O'Brien Highway
Second Floor
Cambridge, Massachusetts 02141
617 523 9444  Fax: 617 523 9232
Email: Info@yet2.com
www.yet2.com

Ethel Brown x6517
NTFC Capital Corp
ATTN: Portfolio Support
PO Box 3083
Cedar Rapids
IA
52406

 yet2.com

1st Feb 2000

Dear Ethel

Thank you for your time to conclude the Portivity Inc (8581186001), TRANSFER AND ASSUMPTION AGREEMENT.

Outstanding lease payments to complete lease $8,089.12, with a $1 transfer fee for the full asset at the end of the lease agreement.

I enclose the T & AA agreement as discussed.

Please Ref: PO-Port122000 when corresponding on invoicing for the historic outstanding payments and all future invoices.

Regards

Margaret Dinneny
VP Operations

ax to: PORTIVITY INC   Fax Number: 3193767671   Date: 01/31/00

ease Agreement No. 6581188001

**TRANSFER AND ASSUMPTION AGREEMENT**
**(Joint Liability)**

Transfer and Assumption Agreement entered into as of this 1st day of FEB , 2000 ("Effective Date") between PORTIVITY INC ("Lessee"), yet2.com ("Transferee") and NTFC CAPITAL CORPORATION ("Lesso ").

WHEREAS, Lessee entered into the lease agreement referenced above and all related documents (collectively, the "Lease"), pursuant to which Lessee leased from Lessor certain equipment and software licenses, if any, identified therein (the "Equipment"), and is currently indebted to Lessor in accordance with the terms of the Lease; and

WHEREAS, Lessee has agreed to sell, transfer and assign to Transferee all of its rights and interests in and to the Lease and the Equipment, and Transferee has agreed to assume all Lessee's obligations to Lessor with respect thereto; and

WHEREAS, the consent of Lessor to such transfer and assignment is required by the terms of the Lease:

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein contained, it is agreed as follows:

1.  Lessee and Transferee hereby agree, jointly and severally, to pay and discharge all Lease payments and all other amounts payable under the Lease to Lessor, its successors and assigns, in accordance with the terms of the Lease including, without limitation, the payment of late charges, administrative, fees, property taxes, and other amounts due and to become due thereunder.

2.  Transferee hereby assumes and agrees to perform all of the covenants and the other obligations of Lessee as set forth in the Lease and to be bound by the terms thereof as if Transferee were the original lessee thereunder.

3.  Lessee shall continue to remain liable and remain firmly bound as though this Transfer and Assumption Agreement had never been entered into.

4.  Except as specifically modified herein, all terms, conditions and covenants of the Lease shall remain unchanged and shall continue to remain in full force and effect.

5.  Lessee and Transferee hereby warrant, represent and covenant that the Lease is not subject to any disputes, offsets or counterclaims of any kind or nature whatsoever.

6.  Transferee acknowledges that Lessor has a valid title to or first security interest in the Equipment and in confirmation thereof, agrees to execute all financing statements and other documents which Lessor may, in its sole discretion, deem necessary to protect such title or security interest.

7.  Lessee's obligations hereunder and under the Lease shall not be impaired by any subsequent modification, release or other alteration of the Lease or any of the obligations thereunder, or any security therefor; and shall be limited to Lessee's obligations as they existed as of the Effective Date.  The liability of Lessee hereunder and under the Lease is direct and unconditional and may be enforced without requiring Lessor or its assignees first to resort to any other right, remedy or security.

Fax to: PORTIVITY INC    Fax Number: 3193787671    Date: 01/31/00

PORTIVITY INC
3790 GATEWAY DR STE 200

RENO, NV 89511-

*Attn: John Osborne*
*Pn# 775-742-3073*
*fax: 775-832-1711*

Request for name change document package for: PORTIVITY INC

Re: Contract # 8581186001

Dear Customer,

In order for us to process the requested transfer and assumption, the following documents must be completed and returned:

1. Credit application for assumptor
2. Assumption agreement, signed by both the lessee and assumptor
3. Additional financial statements as required.
4. $100 assumption fee

Return documents to the following address:

NTFC CAPITAL CORPORATION
Attn: Portfolio Support
PO Box 3083
Cedar Rapids, IA  52406

Once NTFC CAPITAL CORPORATION has approved your application and all associated accounts have been brought current, the change will be processed. Should additional documentation or information be required, we will contact you.

If you should have questions regarding this document package or anything else about your lease, please feel free to call our Customer Service department at 800-451-6534.

Thank you.

Sincerely,

Portfolio Support Specialist

In re:  **Portivity, Inc.**                                              Case No.   **99-33938**
     **88-0238203**

# SCHEDULE H - CODEBTORS

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

## UNITED STATES BANKRUPTCY COURT

### District of Nevada

In re:  **Portivity, Inc.**
     **88-0238203**

Case No.  **99-33938**

Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **176,000.00** | **Sales of software** | |
| **1,278,623.00** | **Sales of software** | |
| **548,991.00** | **Sales of software** | |
| **544,257.00** | **Sales of software** | |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3.  Payments to creditors

None
☐

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Merrill Lynch** | **8/17-8/26 (Payments to 401(k) account for 5/15 employee deductions)** | **10,480.31** | **unknown** |
| **Paul Eckert**<br>**321 Springview Dr.**<br>**Carson City, NV  89701**<br>**775-832-1700** | **December 9, 1999 (see Exhibit "A" attached hereto)** | **14,367.41** | **unknown** |
| **Suzanne Adams**<br>**2661 Carriage Crest**<br>**Carson City, NV 89706** | **December 9, 1999 (see Exhibit "A" attached hereto)** | **17,835.28** | **unknown** |

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Teddi Converse<br>P.O. Box 3133<br>Incline Village, NV 89450 | December 9, 1999 (see Exhibit "A" attached hereto) | 10,000.00 | unknown |

None ☐    b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Patrick Grady<br>2816 Laguna<br>San Francisco, CA  94123<br>  Investor/Employee | Unknown (loan payments) | Unknown | Unknown |

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐    a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Bruce R. Tangowski v. Borealist Corporation<br>  CV-98-04286 | Employment Termination Suit | Second Judicial District Court<br>Reno, Nevada | On hold |

None ☑    b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5.  Repossessions, foreclosures and returns

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Fidelity Leasing | 7/99 | Gestetner Copier |
| G.E. Capitol<br>Pasadena, CA | 7/99 | Ricoh Copier |

## 6. Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

## 10. Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petiton is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**See Exhibit B attached**

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| **U.S. Bank-Reno** | **Janet Smagala** | **Data Backup Tapes** | |

## 13. Setoffs

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **Source Net** | | **4,159.80** |

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
☐

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **4070 Silver Sage Drive Carson City, NV 89706** | **Borealis** | **Prior to November 1998** |

## 16. Nature, location and name of business

None ☑     a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **two years** immediately preceding the commencement of this case.

    b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **two years** immediately preceding the commencement of this case.

    c. If the debtor is a corporation, list the names and addresses of all business in which the debtor was a partner or owned 5 percent or more of the voting securities within **two years** immediately preceding the commencement of this case.

## 17. Books, records and financial statements

None ☐     a. List all bookkeepers and accountants who within six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Janet Smagala**<br>**12595 Water Lily Way**<br>**Reno, NV 89511** | **3/8/99-8/99** |
| **Suzanne Adams**<br>**2661 Carriage Crest**<br>**Carson City, NV**<br>**89706** | **12/11/95 to 6/99** |

None ☐     b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Ernst & Young**<br>**Attn: Ray Moeburg**<br>**200 S. Virginia St.**<br>**Reno, NV 89501** | |

None ☐     c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Janet Smagala** | **12595 Water Lily Way**<br>**Reno, NV 89511** |

None ☑     d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

## 18. Inventories

None ☑     a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None  
☑      b.  List the name and address of the person having possession of the records of each of the two inventories reported in 18a., above.

## 19. Current Partners, Officers, Directors and Shareholders

None  
☑      a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None  
☐      b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**See Exhibit C attached**

## 20. Former partners, officers, directors and shareholders

None  
☑      a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None  
☑      b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

## 21. Withdrawals from a partnership or distributions by a corporation

None  
☑      If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____       Signature _____

                                           **Janet Smagala, Secretary**

                                              *Print Name and Title*

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Statement of Financial Affairs
3. Payments to Creditors

| Payee | Check # | | Amount | Date | Description |
|---|---|---|---|---|---|
| Suzanne Adams | 9322 | $ | 5,000.00 | 12/09 | Payment made to Suzanne Adams a former Portivity employee who had a company credit card (with joint and severed liability). This payment represents the final amount necessary to pay off the debt incurred by the company, to avoid having Ms. Adams declare personal bankruptcy. |
| Suzanne Adams | 9323 | $ | 5,000.00 | 12/09 | |
| Suzanne Adams | 9324 | $ | 5,000.00 | 12/09 | |
| Suzanne Adams | 9325 | $ | 2,835.28 | 12/09 | |
| Eckert | 9285 | | 5,000.00 | 12/09 | Same reason as above, only this credit card was issued to the company and Paul Eckert. |
| Paul Eckert | 9286 | $ | 5,000.00 | 12/09 | |
| Paul Eckert | 9287 | $ | 4,367.41 | 12/09 | |
| Teddi Converse | 9289 | $ | 5,000.00 | 12/09 | Same reason as above, only this credit card was issued to the company and Teddi Converse. |
| Teddi Converse | 9290 | $ | 5,000.00 | 12/09 | |
| Merril Lynch | 9282 | $ | 29.49 | 08/26 | Payment into Portivity 401(k) account for deductions from the 5/31/99 payroll. |
| Merril Lynch | 9280 | $ | 4,138.32 | 08/25 | Payment into Portivity 401(k) account for deductions from the 5/31/99 payroll. |
| Merril Lynch | 9279 | $ | 5,000.00 | 08/25 | Payment into Portivity 401(k) account for deductions from the 5/31/99 payroll. |
| Merril Lynch | 9275 | $ | 1,312.50 | 08/17 | Annual fees for the Portivity 401(k) account - required in order to make the above payment |

**Exhibit "A"**

Statement of Financial Affairs
10. Other Transfers

| Purchaser | Item | Amount |
|---|---|---|
| yet2.com | Tektronics Printer | 2,000.00 |
| | HP5M Printer | 1,000.00 |
| | HP Office Jet Printer | 250.00 |
| | 4 Dell XPST500 | 6,000.00 |
| | Misc. office furniture | 5,000.00 |
| | USR Conference phone | 100.00 |
| | TOTAL | 14,350.00 |
| | | |
| Oxbow Power Services | 1 lot used office furniture | 10,000.00 |
| Oxbow Power Services | Computers | 2,200.00 |
| | | |
| Advanced Office Interiors | 2 computer units | 800.00 |
| Advanced Office Interiors | 19" monitor | 135.00 |
| Advanced Office Interiors | Refrigerator | 50.00 |
| | | |
| Puliz Moving & Storage | Computers | 1,500.00 |
| Puliz Moving & Storage | Computers | |
| | | |
| Aristocrat Gaming | Computers | |
| | | 43,385.00 |

**Exhibit "B"**

BOD

## Portivly Board of Directors

### Home Address Information

| Name | Home Street Address | City | State | Zip | Phone | Fax | Cell | Pager | e-mail |
|---|---|---|---|---|---|---|---|---|---|
| Esber, Ed | 13430 Country Way | Los Altos Hills | CA | 94022 | 650-917-0770 | 650-917-0900 | | | edesber@yahoo.com |
| Grady, Patrick | 2816 Laguna | San Francisco | CA | 94123 | 415-441-4309 | 415-346-5981 | 702-772-7349 | 702-858-4397 | pgrady@bris.com |
| Marengi, Joe | P.O. Box 161042 | Austin | TX | 78716 | 512-347-8049 | | | | joe_marengi@us.dell.com |
| ?ay, John | 16875 Coleman Valley Rd. | Occidental | CA | 95465 | 707-874-1116 | | 707-484-1759 | | john.webley@fibre.com |
| ..bridge, Pete | 529 Ponderosa Ave. | Incline Village | NV | 89451 | 775-831-6121 | 702-831-9285 | | | pwjs@aol.com |

### Office Address Information

| Name | Office Address | City | State | Zip | Office | Phone | Fax | Assistant | Assistant e-mail / phone |
|---|---|---|---|---|---|---|---|---|---|
| Esber, Ed | 2650 Telemark Dr. | Park City | UT | 84060 | Alternate Home | 435-649-1314 | 435-649-1914 | | |
| Grady, Patrick | 185 Berry St. Lobby 1, Suite 2 | San Francisco | CA | 94107 | Portivly | 415-344-4120 | 415-344-4134 | | |
| Marengi, Joe | One Dell Wy, RR3 Box 37 | Round Rock | TX | 78682 | Dell Computer Corp. | 512-728-9655 | 512-728-0762 | Patsy Duran | patsy_duran@dell.com |
| Webley, John | 1 Willowbrook Ct. | Petaluma | CA | 94954 | Advanced Fibre Commt | 707-794-7733 | 707-792-4291 | Judy | 707-794-7656 |
| Stonebridge, Pete | 20 East Main St. Apt. 69 | Los Gatos | CA | 95030 | **alternate home** | 775-831-6121 | | | |

before faxing to Pete Stonebridge, call to make sure he's at his Tahoe home to receive fax.

Exhibit "C"

**UNITED STATES BANKRUPTCY COURT**

**District of Nevada**

In re:  **Portivity, Inc.**

Case No.  **99-33938**

Chapter  **7**

Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | 7,500.00 |
| Prior to the filing of this statement I have received | $ | 7,500.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

    ☐ Debtor            ☒ Other (specify)    **John Webley**

3. The source of compensation to be paid to me is:

    ☐ Debtor            ☐ Other (specify)

4. ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e) [Other provisions as needed]
    **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **None**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  _2/3/00_

_Jeffrey L. Hartman. Esq._, Bar No.  **001607**

Hartman & Armstrong
Attorney for Debtor(s)

In re:  **Portivity, Inc.**
88-0238203

Case No. **99-33938**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Secretary** of the corporation/partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **31** sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  7/3/00

Signature  _Janet Smagala_

**Janet Smagala**
**Secretary**

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.